**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

   Plaintiff,

   v.                    No. CR 10-2085 WJ

PAUL REYES SEDILLO,

   Defendant.

## MEMORANDUM OPINION AND ORDER

   THIS MATTER comes before the Court following a hearing on the following motions:

- Government's First Motion in Limine to Use Evidence of Other Crimes or Bad Acts Pursuant to Rule 404(b), filed December 28, 2010 **(Doc. 48)**;

- Government's Second Motion in Limine, filed December 30, 2010 **(Doc. 52)**;

- Defendant's Motion in Limine to Exclude Evidence of Nonverbal Conduct by Roman Reges, filed January 5, 2011 **(Doc. 56)**;

- Defendant's Motion in Limine to Exclude Speculative Testimony and/or Hearsay, filed January 5, 2011 **(Doc. 57)**;

- Defendant's Motion in Limine to Exclude Evidence Related to Ammunition, Shell Casings, and Gun Cleaning Kit, filed January 5, 2011 **(Doc. 58)**;

- Defendant's Motion in Limine to Exclude Mention of "Touch DNA," filed January 5, 2011 **(Doc. 59)**;

- Defendant's Motion in Limine to Exclude and Clarify Evidence R elated to Investigation, filed January 5, 2011 **(Doc. 60)**;

- Government's Motion to Preclude Defendant from Making any Reference at Trial to the Potential Penalties Def will Face if Convicted, filed January 12, 2011 **(Doc. 80)**.

On January 13, 2011, the Court held heard oral argument on these motions,[1] and ruled as follows:

**I.     Government's First Motion in Limine to Use Evidence of Other Crimes or Bad Acts Pursuant to Rule 404(b), filed December 28, 2010 (Doc. 48)**

The Government seeks to introduce evidence of Defendant's prior conviction for a charge of felon in possession from 1994. The parties have agreed to stipulate that Defendant is a prior felon. Given that the prior felony at issue is 16 years old, the Court finds that it shall be excluded from the Government's case-in-chief. However, the Court reserves ruling on whether the Government may use this evidence as rebuttal evidence if Defendant opens the door to the issue of whether he knowingly possessed the firearm which was recovered in this case. Thus, the motion is GRANTED IN PART and DENIED IN PART.

**II.    Government's Second Motion in Limine, filed December 30, 2010 (Doc. 52)**

The Government seeks to introduce testimony of DNA expert, Carrie Zais, because the original analysis, Stephanie Willard, is not in the country anymore. At the hearing, the Court noted that there is Tenth Circuit precedent for the proposition that an expert testifying about another DNA analyst's work is proper, "so long as the expert opinion is that of the expert appearing at trial," rather than someone simply reciting what the first analyst did. *United States v. Pablo*, 625 F.3d 1285, 1292-96 (10th Cir. 2010).

Defense counsel argues that Defendant will be unable to cross-examine Ms. Zais on issues such as the prior tester's rate of error, etc., and thus will raise *Crawford*[2] issues.

---

[1] Defendant also filed a Motion for Hearing on Proposed Expert Opinion (Doc. 68), on which the Court reserves ruling because the hearing on this motion will be continued.

[2] In *Crawford v. Washington*, 541 U.S. 36 (2004), the United States Supreme Court held that out-of-court statements by witnesses that are testimonial are barred under the Confrontation Clause.

Defendant notes that *Pablo* did not address this specific issue, but that the United States Supreme Court has granted certiorari in a case to be heard this term which will presumably address this issue. *Bullcoming v. New Mexico*, No. 09-10876, *cert. granted* 131 S. Ct. 62 (2010).

The Court notes Defendant's objection, but finds that Tenth Circuit precedent in *Pablo* is a sufficient basis to allow Ms. Zais' testimony. It is not disputed that Defendant's DNA is on the shotgun. Ms. Willard has reviewed Ms. Zais' reports and testing results and can testify on her review of those notes, and is basing her own opinion on those notes and results. The Court finds no looming *Crawford* issue, and sees no reason why defense counsel cannot cross-examine Ms. Willard about rates of error on those tests. Both Ms. Zais and Ms. Willard worked at the same lab, and Ms. Willard is familiar with the procedures which Ms. Zais used to formulate her opinion. Moreover, the Court will hear testimony outside of the presence of the jury in order to determine exactly how Ms. Willard came to her opinion based on Ms. Zais' testimony and reports. Following Defendant's argument, no expert would be able to present an opinion on other experts' reports because of *Crawford*. This is directly contrary to *Pablo*. Thus, the Government's motion is GRANTED.

**III.   Defendant's Motion in Limine to Exclude Evidence of Nonverbal Conduct by Roman Reyes, filed January 5, 2011 (Doc. 56)**

This motion concerns the admissibility of a hand gesture made to police by Roman Reyes, Defendant's brother, in which Mr. Reyes pointed to Defendant's car. This motion is DENIED AS MOOT, based on the Government's representation that it will call Roman Reyes as a witness who will be testifying as to his personal knowledge.

**IV.   Defendant's Motion in Limine to Exclude Speculative Testimony and/or Hearsay, filed January 5, 2011 (Doc. 57)**

Defendant moves to exclude the statement of his mother made to police denying

knowledge of the shotgun in her house and stating the only person who could have brought it there is Defendant. Without knowing exactly what this witness will say, the Court cannot determine whether that unknown testimony is speculative.  Also, the Government states that it intends to elicit testimony from this witness only based on her personal knowledge.  Defendant may object at trial to any testimony which is arguably speculative.  Accordingly, this motion is also DENIED AS MOOT and also as PREMATURE.

**V.     Defendant's Motion in Limine to Exclude Evidence Related to Ammunition, Shell Casings, and Gun Cleaning Kit, filed January 5, 2011 (Doc. 58)**

Defendant moves to exclude on grounds of relevance, evidence at trial live ammunition, spent shotgun shells, and a gun cleaning kit that were seized from 313 East Connor during the execution of a search warrant, along with any mention of these items.

With regard to the LIVE AMMUNITION, the motion is DENIED AS MOOT, based on the Government's representation that it will not be trying to admit this evidence in its case-in-chief.  At the hearing, the Court took the arguments under advisement as to the other items, but now finds that both the gun cleaning kit and the 12-gauge shotgun shells are relevant and are not unduly prejudicial to Defendant.  The cleaning kit found inside the house is for small-bore guns. The Court will allow this into evidence unless it becomes obvious that this kit could not have been used to clean a shotgun.  Even though the spent 12-gauge shotgun shells were found outside the residence, they are nevertheless relevant because the firearm which Defendant is charged with possessing is also a 12-gauge shotgun.  At trial, Defendant can argue that those particular shells do not belong to that shotgun.  The Court also finds that the probative value of this evidence is not substantially outweighed by the danger of unfair prejudice to Defendant. Thus, with regard to the GUN CLEANING KIT and the 12-GAUGE SHOTGUN SHELLS, the

Court DENIES Defendant's Motion.

**VI.     Defendant's Motion in Limine to Exclude Mention of "Touch DNA," filed January 5, 2011 (Doc. 59)**

Defendant seeks to exclude mention by the Government of "Touch DNA," because it refers to a specific type of DNA analysis which was not conducted in this case, and because it could mislead the jury to confuse the phrase with a certain type of biological matter, which it is not.

The Court finds that this motion is DENIED AS MOOT because the Government will not be referring to "Touch DNA." However, the Court clarifies that this ruling is not meant to bar the Government from presenting its theory of the case, which is that Defendant possessed the gun – meaning that Defendant had the gun in his hand at some point (thus, "touching" the gun).

**VII. Defendant's Motion in Limine to Exclude and Clarify Evidence Related to Investigation, filed January 5, 2011 (Doc. 60)**

Defendant seeks to exclude any reference to the fact that the officers who executed the search which uncovered the firearm were responding to a 911 call. The Government contends that witnesses should be able to testify seeing police officers responding to a 911 call. The Court finds that the jury may be informed that the police were responding to a 911 call on a totally unrelated matter; that no evidence was obtained on the related matter; that no arrests were made on the unrelated matter; and that Defendant was not arrested on anything connected with that unrelated matter, but rather in connection with the police finding a firearm during a search of the house after a search warrant was obtained. Thus, in accordance with this ruling, the motion is GRANTED IN PART and DENIED IN PART.

**VIII.   Government's Motion to Preclude Defendant from Making any Reference at Trial to the Potential Penalties Def will Face if Convicted, filed January 12, 2011 (Doc. 80)**

This motion is also DENIED AS MOOT, based on defense counsel's representations at the hearing.

**SO ORDERED**.

_____
UNITED STATES DISTRICT JUDGE