# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

PAUL REYES SEDILLO,

    Petitioner,

v.                                       No.    CV 16-575 WJ/CG
                                                                  CR 10-2085 WJ

UNITED STATES OF AMERICA,

    Respondent.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court upon Petitioner Paul Reyes Sedillo's *Amended Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255* ("Motion"), (CV Doc. 4), filed June 21, 2016; and Respondent *United States' Response in Opposition to Defendant's Motion to Vacate, Set Aside, or Correct Sentence* ("Response"), (CV Doc. 11), filed November 23, 2016.[1] Petitioner has not filed a reply to the Motion, and the time for doing so has passed. Also before the Court is Petitioner's *Motion to Grant Leave* ("Motion to Appoint Counsel"), (CV Doc. 2), filed June 13, 2016, and Respondent *United States' Unopposed Motion to Reinstitute § 2255 Proceedings and Set Response Deadline* ("Motion to Reinstitute Proceedings), (CV Doc. 10), filed November 2, 2016

United States District Judge William P. Johnson referred this case to Magistrate Judge Carmen E. Garza to perform legal analysis and recommend an ultimate disposition. (CV Doc. 3). After considering the parties' filings, the record of the case, and relevant law, the Court **RECOMMENDS** that Petitioner's Motion to Appoint Counsel

---

[1] Documents referenced as "CV Doc. ___" are from case number CV 16-575 WJ/CG. Documents referenced "CR Doc. ___" are from case number CR 10-2085 WJ.

(CV Doc. 2) and Respondent's Motion to Reinstitute Proceedings (CV Doc. 10) be **DENIED AS MOOT**, that Petitioner's Motion (CV Doc. 4) be **DENIED**, and that this case be **DISMISSED WITH PREJUDICE**.

I. Background

On January 21, 2011, after a jury trial, Petitioner was found guilty of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (CR Doc. 106). Petitioner's presentence report ("PSR") provided that Petitioner was an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), because he had at least three prior violent felony convictions: two for aggravated assault with a deadly weapon, and one for aggravated battery. (CV Doc. 9-1 at 6). On October 27, 2011, Petitioner was sentenced to 262 months imprisonment. (CR Doc. 127).

Petitioner argues that he is no longer an armed career criminal under the ACCA due to the United States Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). (CV Doc. 4 at 4). Specifically, Petitioner contends that his convictions for aggravated assault with a deadly weapon are not violent felonies under the ACCA, and that, therefore, he should be resentenced without an ACCA-based enhancement. *Id.* at 4-9.

On August 18, 2016, Respondent filed a motion to stay this case until the Tenth Circuit Court of Appeals issued a decision in *United States v. Maldonado-Palma*, 839 F.3d 1244 (10th Cir. 2016). (CV Doc. 7). The issue before the Tenth Circuit in *Maldonado-Palma* was whether New Mexico's aggravated assault with a deadly weapon statute satisfies the Sentencing Guidelines' force clause, which has similar

language as the ACCA's force clause. The Court granted Respondent's motion to stay. (CV Doc. 8).

On October 25, 2016, the Tenth Circuit issued its decision in *Maldonado-Palma*, holding that New Mexico's aggravated assault with a deadly weapon statute satisfies the Sentencing Guidelines' force clause without the use of the unconstitutional residual clause. 839 F.3d at 1249-50. Subsequently, Respondent filed its Response to Petitioner's Motion, in which it contends that the Tenth Circuit's decision in *Maldonado-Palma* is dispositive of Petitioner's argument. (CV Doc. 11 at 6). Respondent argues that, even though the *Maldonado-Palma* decision concerns the definition of a "crime of violence" in the Sentencing Guidelines, the holding applies equally to the ACCA because "the operative language at issue is the same as that contained in the ACCA." *Id.*

On December 7, 2016, Petitioner filed a motion to stay this case pending the disposition of the petition for writ of certiorari filed with the United States Supreme Court by counsel in the *Maldonado-Palma* case. (CV Doc. 12). The Court granted the stay. (CV Doc. 13). On May 10, 2017, the Court *sua sponte* entered an order lifting the stay, noting that the United States Supreme Court had denied the petition for writ of certiorari in *United States v. Maldonado-Palma*, 137 S. Ct. 1214 (2017). (CV Doc. 15). The Court allowed Petitioner fourteen days, until May 24, 2017, to file a reply to his Motion. *Id.* No reply has been filed and the time for doing so has passed.

II. ***Standard of Review Under 28 U.S.C. § 2255***

Section 2255 provides that a federal prisoner may challenge his sentence if: (1) it was imposed in violation of the United States Constitution or federal law; (2) the

sentencing court had no jurisdiction to impose the sentence; (3) the sentence exceeded the maximum authorized sentence; or (4) the sentence is otherwise subject to collateral review. 28 U.S.C. § 2255(a). If the court finds that a sentence infringed upon the prisoner's constitutional rights and is subject to collateral review, the court must vacate the sentence and discharge, resentence, or correct the sentence as the court believes appropriate. § 2255(b).

### III.     Analysis

Under the ACCA, an individual who violates § 922(g) (*e.g.*, being a felon in possession of a firearm or ammunition), and who has "three previous convictions . . . for a violent felony or a serious drug offense," will receive a mandatory, minimum 15-year sentence. 18 U.S.C. § 924(e). The ACCA defines the term "violent felony" as:

> [A]ny crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term in committed by an adult, that–
>
>     (i)     has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
>     (ii)    is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

18 U.S.C. § 924(e)(2)(B)(i)-(ii) (emphasis added). The emphasized clause is referred to as the "residual clause," and in *Johnson* the Supreme Court held that the residual clause "denies fair notice to defendants and invites arbitrary enforcement by judges," and, therefore, violates the due process clause of the Constitution. 135 S. Ct. at 2557.

4

Because the ACCA's residual clause has been found to be unconstitutional, the Court must determine whether Petitioner has three prior convictions that satisfy the definition of "violent felony" under the remaining clauses of the ACCA. Petitioner does not contend that his conviction for aggravated battery does not meet this definition. Instead, Petitioner contends that his convictions for aggravated assault with a deadly weapon are not violent felonies under the ACCA because they do not satisfy the ACCA's force clause, § 924(e)(2)(B)(i). (CV Doc. 4 at 4 at 5-9).

The Court finds that this contention is foreclosed by the Tenth Circuit's holding in *Maldonado-Palma* that New Mexico's aggravated assault with a deadly weapon statute constitutes a "crime of violence" under the Sentencing Guidelines' force clause in § 2L1.2(b)(1)(A)(ii). 839 F.3d at 1248-50. The Tenth Circuit found that New Mexico's aggravated assault with a deadly weapon statute is "categorically a crime of violence" under the Sentencing Guidelines, because "[e]mploying a weapon that is capable of producing death or great bodily harm . . . necessarily threatens the use of physical force." *Id.* at 1250. Although *Maldonado-Palma* considered the Sentencing Guidelines' force clause, and this case concerns the ACCA, the decision is nevertheless applicable to this case. The Sentencing Guidelines' definition of "crime of violence" is identical to the ACCA's definition of violent felony, and interpretations of the force clause in the Guidelines context are applicable to the ACCA. *See United States v. Ramon-Silva*, 608 F.3d 663, 671 (10th Cir. 2010) ("Given the similarity in language between the ACCA and USSG, we have occasionally looked to precedent under one provision for guidance under another in determining whether a conviction qualifies as a violent felony."); *Maldonado-Palma*, 839 F.3d at 1248 (relying on the interpretation of "physical force" in

5

ACCA cases to inform the meaning of the Sentencing Guidelines' force clause); *United States v. Mitchell*, 653 Fed. Appx. 639, 642 (10th Cir. 2016) (unpublished) ("We have consistently applied the same analysis to the [Sentencing Guidelines'] career offender provision and the analogous provision of the ACCA where the clauses are virtually identical.") (citation omitted). Therefore, pursuant to the holding in *Maldonado-Palma*, the Court finds that New Mexico's aggravated assault with a deadly weapon statute constitutes a violent felony for purposes of the ACCA. Because Petitioner was, therefore, properly sentenced under the ACCA, the Court recommends that Petitioner's claim be denied.

**IV.  Recommendation**

For the foregoing reasons, the Court finds that Petitioner's sentence was properly enhanced under the ACCA. Therefore, the Court **RECOMMENDS** that Petitioner Paul Reyes Sedillo's *Amended Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255*, (CV Doc. 4), be **DENIED** and that this case be **DISMISSED WITH PREJUDICE**. The Court also **RECOMMENDS** that a certificate of appealability be **DENIED**.

In addition, because Petitioner was represented by counsel in this case, the Court **RECOMMENDS** that Petitioner's Motion to Appoint Counsel (CV Doc. 2) be **DENIED AS MOOT**.

Finally, the Court **RECOMMENDS** that Respondent's Motion to Reinstitute Proceedings (CV Doc. 10) be **DENIED AS MOOT**.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE